UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DARRELL EUGENE FOGARTY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 13-056-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| NURSE OGLE, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*** *** *** ***

On December 28, 2011, Plaintiff Darrell Fogarty filed a civil action in this Court alleging deliberate indifference to his medical needs. The action concerned urologic treatment he received while a prisoner at the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington") in March 2011. *See Fogerty v. Marrero, et al.*, U.S. Dist. Ct., E.D.Ky., Central Div. (at Lexington), Civil Action No. 5: 11-426-KKC. [Record No. 1 therein] However, Fogarty's claims were dismissed without prejudice because he had not fully exhausted his administrative remedies before filing suit

In dismissing the earlier action, Judge Caldwell explained that to properly exhaust administrative remedies, a claimant must follow "all steps that the agency requires, obeying all directions and meeting all deadlines set by the administrative rules." (Citations omitted.) [*Id.* at 4] The Court then advised Fogerty that if he "completes the administrative remedy process concerning those claims, he may file a new *Bivens* action without incurring liability for a new

filing fee, but only if he asserts claims identical to those asserted here." (Citation omitted.) [*Id.* p. 5]

Fogarty filed the present action asserting the same claims as those set out in his previously-filed Complaint on February 28, 2013. [Record No. 1][1] On December 2, 2013, the named defendants moved the Court to dismiss the action or, alternatively, grant summary judgment in their favor. [Record No. 17] The defendants contend that they are entitled to relief on several grounds, including Fogarty's continuing failure to exhaust his administrative remedies. Fogarty has not responded to the motion within the time provided by the local rules. Having reviewed the authorities cited in the defendants' motion, the Court will dismiss the action based on Fogarty's failure to exhaust the remedies available to him.

**I.**

Fogarty has named four defendants in his current civil action who allegedly provided inadequate medical treatment while he was incarcerated at FMC – Lexington: Lieutenant Isaac Ogle, Nurse Supervisor; Lieutenant-Commander James Chaney, Nurse Supervisor; Maria Marrero, M.D., Medical Officer; and Regina Byrd, Nurse. The four defendants have moved the Court to either dismiss all of Fogarty's claims or, alternatively, grant summary judgment in their favor.

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to

---

[1] On April 29, 2013, the Court directed the defendants to respond to Fogarty's Complaint based on the assumption that he had exhausted his administrative remedies following dismissal of his first civil action. As outlined below, that assumption was incorrect.

-2-

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). It requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, although a complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

And when deciding a motion under Rule 12, the Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). But as a general rule, the Court cannot consider documents such as declarations or affidavits under Rule 12. As a general matter, such materials should be considered as part of a summary judgment analysis.

Summary judgment is required when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must

be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).

A party moving for summary judgment bears the burden of showing conclusively that no genuine issue of material fact exists. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008). Once the moving party has met its burden of production, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). Instead, the nonmoving party must present "significant probative evidence" of a genuine dispute . . . to defeat the motion for summary judgment. *Chao*, 285 F.3d at 424. The nonmoving party cannot rely upon the assertions in its pleadings; rather, it must come forward with probative evidence, such as sworn affidavits, to support its claims. *Celotex*, 477 U.S. at 324. In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587.

**II.**

The defendants has properly outlined the exhaustion requirements of the Prison Litigation Reform Act of 1995 ("PLRA") in their supporting memorandum. [Record No. 17-1, pp. 12-14] As an initial matter, the PLRA specifically provides that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or correctional facility until such administrative remedies

. . . are exhausted." 42 U.S.C. § 1997e(a). Case law is clear that prisoners are required to *fully* and *properly* exhaust all administrative remedies before filing suit relating to prison conditions. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"); *Woodford v Ngo*, 548 U.S. 81, 90 (2006) ("the PLRA exhaustion requirement requires proper exhaustion"); and *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("an inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so").

The administrative grievance process for prisoners is set out in 28 C.F.R. §§ 542.10-542.19. Initially, the prisoner must informally present the issue of concern to staff who attempts to informally resolve the issue before the formal process begins. 28 U.S.C. § 542.13(a). If the issue is not resolved, the prisoner may then file a formal, written grievance with the warden of the facility in which he or she is located. 42 C.F.R. § 542.14. If the prisoner is not satisfied with the warden's response, he or she may proceed to the third step by appealing to the regional director for the geographic region in which the prison is confined. 42 C.F.R. § 542.15. Under the fourth and final step of the process, the prisoner may appeal the decision of the regional director to the Bureau of Prison's Office of General Counsel ("OGC"). [*Id.*] The respective warden, regional director, and OGC must respond to the grievance and appeal within specified time limitations imposed by the regulations. 42 C.F.R. § 542.18. Additionally, if the prisoner

does not receive a timely response at any stage of the process, he or she may consider the absence of a response to be a denial and proceed to the next stage. [*Id.*]

### III.

In the first action filed with this Court, Fogarty claimed that he could not complete the administrative grievance process because the Mid-Atlantic Regional Office ("MARO") had not responded to his appeal within the time provided by the regulations. However, citing 28 C.F.R. § 542.18, the Court explained that, "[r]egardless of when MARO actually provided its response to his appeal, once it had failed to do so in a timely fashion, the BOP regulations gave him the option of either appealing to the next level or waiting for a dilatory response – abandoning the process altogether is not an option." *Fogarty v. Marrero, supra*. [Record No. 7, p. 4] Thus, Fogarty was on notice of the exhaustion requirements at the time he filed the present action.

Fogarty's filed the current form Complaint on February 28, 2013. [Record No. 1] A comparison of the exhibits attached to his Complaint confirm that Fogarty is attempting to assert the same claims that were asserted previously but dismissed based on his failure to exhaust his administrative remedies. In response to the question requesting whether he had filed any grievances regarding the facts of the current Complaint, Fogarty responded that evidence of exhaustion had been "trashed by the FMC." [*Id.*] However, he had not provided the Court with any indication that his appeal beyond the third level was ever attempted. The Declaration of Joshua Billings, attached to the Memorandum in Support of Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment [Record No. 17-2] identifies the administrative

remedies instituted by Fogarty since March 2011.[2] The information proved in this declaration confirms that Fogarty has not properly exhausted his administrative remedies as previously directed by Judge Caldwell. As a result, this action will be dismissed based on his failure to exhaust and it will not be necessary to address the other grounds for dismissal raised in the defendants' motion.

## IV.

For the reasons outlined above, it is hereby

**ORDERED** as follows:

1. The defendants' motion for summary judgment based on the plaintiff's failure to properly exhaust administrative remedies required by the Prison Litigation Reform Act of 1995 [Record No. 17] is **GRANTED**. The defendants' motion to dismiss and for summary judgment on alternative grounds is **DENIED**, without prejudice, as moot.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

---

[2] In relevant part, the declaration indicates that, on May 24, 2013, Fogarty filed a request for administrative remedy with the warden of his current institution in Tucson, Arizona. That request was rejected because insufficient information was provided. However, Fogarty was advised that he could resubmit the request with additional, specific information. The request was not resubmitted. Instead, Fogarty appealed to the regional director on June 4, 2013. That appeal was rejected because Fogarty had not properly file the matter at the institution level. Fogarty was notified that he must follow the directions given to him at USP-Tuscon. Rather than comply, Fogarty attempted to file an appeal with the OGC on July 9, 2013. That attempted appeal was rejected the following day. Again, Fogarty was advised to follow the instructions provided at the institution.

This action by Fogarty does not constitute *proper* exhaustion of administrative remedies. The information provided in Mr. Billings' declaration refutes the general allegations of exhaustion contained in Fogarty's April 17, 2013 letter to the Court. [Record No. 4]

3. This is a **FINAL** and **APPEALABLE** Order and there is no just cause for delay.

This 13th day of January, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge